# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MAURY BRANDON JONES,**
**ADC #163882**                                            **PLAINTIFF**

V.                    **CASE NO. 4:20-CV-236-JM-BD**

**JAY WINTERS,** *et al*.                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.  Procedures for Filing Objections:

This Recommendation for the dismissal of Mr. Jones's claims has been sent to Judge James M. Moody Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. Also, if parties do not file objections, they may waive the right to appeal questions of fact.

### II.  Discussion:

A.  Background

Plaintiff Maury Brandon Jones, an inmate in the Arkansas Division of Correction (ADC), filed this civil rights lawsuit without the help of a lawyer. In his complaint, he claims that the Arkansas Sex Offender Registration Act is unconstitutional.

Defendants have moved for summary judgment based on Mr. Jones's alleged failure to fully exhaust his administrative remedies. (Doc. No. 16) Mr. Jones has not responded to the Defendants' motion; and the time for filing a response has passed. (Doc. No. 19)

B.  Exhaustion Requirement

The Court is obligated to dismiss Mr. Jones's claims if he did not fully exhaust the grievance process before March 4, 2020, the date he filed his complaint in this case. See 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are a few exceptions to the exhaustion requirement; but there is no indication that any of those exceptions apply to the facts in this case.

Defendants attach the declaration of Terri Grigsby, the ADC Inmate Grievance Supervisor, in support of their motion for summary judgment. (Doc. No. 16-2) Ms. Grigsby testifies that Mr. Jones did not file any grievances against the Defendants about the claims he raised in this lawsuit. (Doc. No. 16-2 at p.3)

Mr. Jones has not come forward with any evidence to contradict Ms. Grigsby's testimony. Accordingly, there is no genuine issue about Mr. Jones's failure to exhaust any grievance against the Defendants before filing suit.

## III.   Conclusion:

The Defendants' motion for summary judgment (Doc. No. 16) should be GRANTED. Mr. Jones's claims should be DISMISSED, without prejudice, based on his failure to exhaust administrative remedies before filing this lawsuit.

DATED this 18th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE